1 | Jihee Ahn (SBN 292659)
2 | **HARRIS BRICKEN SLIWOSKI LLP**
  | 444 S. Flower Street, 13th Floor
  | Los Angeles, CA 90071
3 | Telephone:      (424) 273-5500
  | Email:          jihee@harrisbricken.com
4 |
5 | *Attorneys for Plaintiff Viridian Capital Partners, LLC*

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**FOR THE COUNTY OF SAN FRANCISCO**

| | |
|---|---|
| VIRIDIAN CAPITAL PARTNERS, LLC, a California limited liability company,<br><br>Plaintiff,<br><br>vs.<br><br>JOHN HANLEY, an individual; IRRATIONAL RACCOON, LLC, a California limited liability company; GREEN THREAD HOLDINGS, INC., a California corporation, and DOES 1 through 10 inclusive,<br><br>Defendants. | Case No.<br><br>**COMPLAINT FOR:**<br><br>1. **BREACH OF CONTRACT (SECURED PROMISSORY NOTE);**<br>2. **BREACH OF CONTRACT (GUARANTY AGREEMENT);**<br>3. **BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING;**<br>4. **FRAUD (INTENTIONAL MISREPRESENTATION);**<br>5. **FRAUD (CONCEALMENT); AND**<br>6. **UNJUST ENRICHMENT.**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Viridian Capital Partners, LLC, a California limited liability company ("Plaintiff" or "Viridian"), complains and alleges against Defendants John Hanley, an individual ("Hanley"); Irrational Raccoon, LLC, a California limited liability company ("Irrational Racoon"); Green Thread Holdings, Inc., a California corporation ("Green Thread"); and DOES 1 through 10 (collectively, "Defendants"), as follows:

**PARTIES, JURISDICTION, AND VENUE**

1. Plaintiff is, and all times mentioned herein was, a limited liability company founded under the laws of the State of California, whose primary corporate offices are located in Los Angeles County, California.

2. Plaintiff is informed and believes, and based thereon alleges, that Hanley is, and all times mentioned herein was, a resident of Marin County, California. Plaintiff is informed and believes, and based thereon alleges, that Hanley is the Manager and Chief Executive Officer of Irrational Racoon and the Chief Executive Officer, Chief Financial Officer, and Secretary of Green Thread.

3. Plaintiff is informed and believes, and based thereon alleges, that Irrational Racoon is, and all times mentioned herein was, a limited liability company founded under the laws of the State of California, whose primary corporate offices are located in San Francisco County, California.

4. Plaintiff is informed and believes, and based thereon alleges, that Green Thread is, and all times mentioned herein was, a corporation founded under the laws of the State of California, whose primary corporate offices are located in San Francisco County, California.

5. Plaintiff is ignorant of the true names and capacities of the defendants sued herein as Does 1 through 10, and so therefore sues them by such fictitious names. Plaintiff is informed and believes, and thereon alleges, that said Doe defendants are in some manner legally responsible for the activities and damages alleged herein. Plaintiff will amend this Complaint to show the true names and capacities of these Doe defendants when such information has been ascertained.

6. Plaintiff is informed and believes, and based thereon alleges, that each and every defendant sued herein was at all times mentioned herein the agent or employee of each of the remaining defendants and was, at all times, acting within the purpose and scope of its agency and/or

employment. As such, whenever any reference is made in this Complaint to any act of any defendant(s), that allegation shall mean each defendant acted individually and jointly with the other defendants.

7. Personal jurisdiction over Defendants is established because Irrational Raccoon and Green Thread are business entities formed under California law, and Hanley is a resident of California. The relevant contracts provide they are governed by the laws of the State of California.

8. Venue is proper in this Court because one or more Defendants reside in San Francisco County, because the relevant contract(s) were entered into and/or were to be performed in San Francisco County, and/or because some or all of the claims and causes of action alleged herein arose in San Francisco County.

**FACTUAL ALLEGATIONS**

**A.     The Parties Enter Into A Secured Promissory Note and Guaranty Agreement.**

   **1.     *The Secured Promissory Note.***

9. On or about June 1, 2020, Plaintiff and Irrational Raccoon entered into and executed a Secured Promissory Note (the "Note") by which Irrational Raccoon borrowed from Plaintiff the principal amount of $500,000.00. A true and correct copy of the Note is attached hereto as Exhibit "A."

10. The Note provided the principal amount would bear interest at the rate of 0.016% per day from the date the loan was made until the loan was paid in full. The Note also provided interest payments would be paid in the amount of $96,000.00 for twelve (12) months and would be payable in consecutive monthly installments of $8,000.00 on the first day of each month beginning on June 1, 2020.

11. The Note stated the principal balance, along with all accrued and unpaid interest and all other amounts payable under the Note, were fully due and payable on the Maturity Date of June 7, 2021.

   **2.     *The Guaranty Agreement.***

12. On that same day, Plaintiff and Hanley entered into and executed a Guaranty Agreement (the "Guaranty"). The Guaranty provided it was being given for the benefit of Hanley,

Green Thread Holdings, and Irrational Raccoon. Defendants are collectively referred to as the "Debtors" within the Guaranty. A true and correct copy of the Guaranty is attached hereto as Exhibit "B."

13. The Guaranty provides, in relevant part:

> "… the Guarantor absolutely and unconditionally guarantees prompt payment when due of all payments and liabilities of the Debtor to the Creditor, whether now existing or hereafter incurred (it being understood and agreed that this Guaranty is a continuing one … whether voluntary or involuntary and however arising, whether secured or unsecured, absolute or contingent, liquidated or unliquidated, and regardless of whether the Debtor may be liable individually or jointly with others … including interest and charges, and to the extent not prohibited by law, all costs and attorney's fees incurred in attempting to realize upon this Guaranty."

**B.  Plaintiff's Performance and Defendants' Breach.**

14. Plaintiff provided the sum of $500,000.00 to Irrational Raccoon pursuant to the terms of the Note.

15. To date, Irrational Racoon has failed to make any payments due and payable, as required by the express terms of the Note.

16. To date, Hanley has also failed to make any payments due and payable under the Note, as required by the express terms of the Guaranty.

**C.  The Parties Enter Into A Settlement and Mutual Release Agreement.**

17. In an effort to avoid litigation relating to the Note and the Guaranty, the parties entered into and executed a Settlement and Release Agreement (the "Settlement Agreement") on November 3, 2022. A true and correct copy of the Settlement Agreement is attached hereto as Exhibit "C."

18. The Settlement Agreement expressly acknowledges the Secured Note provided that Irrational Raccoon granted Viridian a security interest in its own accounts receivable and Hanley guaranteed payment and performance of the debt. As of the Effective Date of the Settlement Agreement, the outstanding principal balance of the Secured Note remained $500,000, and accrued and unpaid interest payable to Viridian was $8,000.

19. In good faith consideration of the mutual releases contemplated by the Settlement Agreement, Irrational Raccoon purported to assign, convey, and transfer all of its "right, title, and

interest in and to all accounts receivable" as identified by Irrational Raccoon, "including the right to collect all amounts owed with respect thereto." With respect to this assignment, conveyance, and transfer of Irrational Raccoon's accounts receivable (the "Accounts Receivable"), Irrational Raccoon expressly made the following representations and warranties:

> "Borrower Representations and Warranties. Borrower hereby represents and warrants the following (collectively, the "Representations"):
> (i) Ownership of Transferred Accounts Receivable. Borrower is the legal and beneficial owner and holder of the Transferred Accounts Receivable, and all rights arising therefrom. The Transferred Accounts Receivable are payable in full and not subject to offset or deduction. Neither Borrower nor any parent, subsidiary, predecessor, or affiliate of Borrower, has entered into any agreements, verbal or written, with any account debtor, nor any of their respective officers, directors, employees, agents, or attorneys (collectively, "Account Debtor") providing for the modification of amounts payable or discount of amounts payable under the Transferred Accounts Receivable or release of any Account Debtor from obligations under the Transferred Accounts Receivable.
>
> (ii) No Claims or Discounts. Neither Borrower nor any parent, subsidiary, predecessor or affiliate of Borrower are aware of any actual or threatened claim, cause of action, claim of affirmative defense or claim to discount or offset made or held by any Account Debtor and there is no suit, judicial or administrative action, claim, investigation, inquiry, proceeding, or demand (i) pending (or, to Borrower's knowledge, threatened) against Borrower with respect to the Transferred Accounts Receivable by any Account Debtor or any other party, or (ii) which affects the validity, enforceability or priority of any of Borrower's right to collection thereof from any Account Debtor.
>
> (iii) No Impediment to Enforcement. Neither Borrower nor any parent, subsidiary, predecessor, or affiliate of Borrower has performed nor will perform any acts which might prevent Lender from collection of the Transferred Accounts Receivable or enforcing any of the terms of Agreement or which would limit Lender in any such collection or enforcement.

20. This assignment, conveyance, and transfer of the Accounts Receivable, as identified and defined by Irrational Raccoon, was the primary consideration for which Viridian entered into the Settlement Agreement.

21. In or around December 2022, Plaintiff became aware that Irrational Raccoon does not, in fact, own or hold complete legal title to the Accounts Receivable.

22. Furthermore, Plaintiff also became aware that Irrational Raccoon and Guarantor had engaged in conduct prior to preparation and execution of the Settlement Agreement which is in direct conflict with the representations and warranties it made therein.

23.     As just one example of their misconduct, on September 26, 2022, Irrational Raccoon provided a letter to certain retailers indicating a third-party supplier was authorized to collect any and all outstanding and future invoices from Irrational Raccoon. Although this correspondence predated the Settlement Agreement by six weeks, Irrational Raccoon's assignment of certain Accounts Receivable to a third-party supplier was concealed from Viridian, even though Irrational Raccoon and Guarantor must have known that it was material to Viridian's decision as to whether to enter into the Settlement Agreement. Instead of making a full disclosure to Viridian, on November 4, 2022, Irrational Raccoon provided a revised exhibit of the Accounts Receivable to Viridian, which included these very invoices that it had previously assigned.

24.     Irrational Raccoon made representations to Viridian that were patently false and fraudulent. Irrational Raccoon and Guarantor induced Viridian into entering the Settlement Agreement based on fraudulent misrepresentations of fact and, ultimately, have failed to provide any consideration for the mutual releases therein.

25.     Furthermore, and in any event, the releases contemplated by the Settlement Agreement have been nulled and voided due to Defendants' inability to meet a $350,000.00 threshold provided under Section 12 of the Settlement Agreement. In that regard, the Settlement Agreement unequivocally provides:

> "<u>Release Effective Date</u>. Notwithstanding Sections 8 and 9 of this Agreement, [Plaintiff's] release of [Defendants] shall not include Claims relating to the Secured Note or Guaranty unless and until [Plaintiff] has received $350,000.00 from the proceeds of the Transferred Accounts Receivable (or any other source on account of the Secured Note and/or its collateral) (such date, the "<u>Loan Release Effective Date</u>"). … if all or any portion of the amounts paid in satisfaction of the Secured Note is required to be returned or rescinded … and, as a result, [Plaintiff] has received less than $350,000 from proceeds of the Transferred Accounts Receivable then, in such event, the Loan Release Effective Date shall be deemed to have not occurred and Lender's release of [Defendants] shall be retracted automatically and [Plaintiff's] release of [Defendants] shall be deemed null and void and of no further force or effect with respect to Claims involving the Secured Note or Guaranty."

26.     Accordingly, on January 6, 2023, Viridian once again demanded payment in full of the Secured Note, including all accrued and unpaid interest thereon, of $508,000 by Hanley pursuant to the Guaranty.

27. To date, Irrational Racoon has failed to make any payments due and payable, as required by the express terms of the Note.

28. To date, Hanley has also failed to make any payments due and payable under the Note, as required by the express terms of the Guaranty.

## FIRST CAUSE OF ACTION

**Breach of Contract (Secured Promissory Note) – Against Irrational Raccoon**

29. Plaintiff incorporates by reference Paragraphs 1 through 28 above as though fully set forth in this cause of action.

30. The Note constitutes a valid and binding contractual obligation between Plaintiff and Irrational Raccoon.

31. At all relevant times, Plaintiff fully performed its obligations under the Note, or it has been excused from performance by Defendants' breach.

32. The foregoing actions by Defendants constitute events of default under the Note, or other breaches of the Note, by which Plaintiff has been harmed, and for which breaches is entitled to compensation as agreed to in the Note:

> "… the Lender may upon prior written notice to the Borrower declare all obligations under this Note to be due and payable … The Borrower shall reimburse the Lender on demand for all reasonable and documented out-of-pocket costs, expenses and fees incurred by the Lender in connection with the enforcement of the Lender's rights hereunder."

33. Plaintiff has suffered injury and damages as a direct and proximate result of Irrational Raccoon's breach in the amount of at least $508,000.00, subject to proof at trial.

34. Pursuant to the Note, Plaintiff is entitled to an award of attorneys' fees.

## SECOND CAUSE OF ACTION

**Breach of Contract (Guaranty Agreement) – Against All Defendants**

35. Plaintiff incorporates by reference Paragraphs 1 through 34 above as though fully set forth in this cause of action.

36. The Note constitutes a valid and binding contractual obligation between Plaintiff and Irrational Raccoon.

37. The Guaranty constitutes a valid and binding contractual obligation between Plaintiff and Defendants.

38. At all relevant times, Plaintiff fully performed its obligations under the Note and the Guaranty, or it has been excused from performance by Defendants' breach.

39. The foregoing actions by Defendants constitute events of default under the Note, or other breaches of the Note and/or Guaranty, by which Plaintiff has been harmed, and for which breaches is entitled to compensation as agreed to in the Guaranty:

> "… the Guarantor absolutely and unconditionally guarantees prompt payment when due of all payments and liabilities of the Debtor to the Creditor, whether now existing or hereafter incurred (it being understood and agreed that this Guaranty is a continuing one … whether voluntary or involuntary and however arising, whether secured or unsecured, absolute or contingent, liquidated or unliquidated, and regardless of whether the Debtor may be liable individually or jointly with others … including interest and charges, and to the extent not prohibited by law, all costs and attorney's fees incurred in attempting to realize upon this Guaranty."

40. Plaintiff has suffered injury and damages as a direct and proximate result of Defendants' breach in the amount of at least $508,000.00, subject to proof at trial.

41. Pursuant to the Note and the Guaranty, Plaintiff is entitled to an award of attorneys' fees.

### THIRD CAUSE OF ACTION

**Breach of Implied Covenant of Good Faith and Fair Dealing – Against All Defendants**

42. Plaintiff incorporates by reference Paragraphs 1 through 41 above as though fully set forth in this cause of action.

43. The Note and Guaranty are valid and binding contracts between Plaintiff and Defendants.

44. Implied in every valid and enforceable contract is the covenant of good faith and fair dealing. The covenant imposes on each party to the contract the duty to do, among other things, everything that the contract presupposes each party will do to accomplish the contract's purpose.

45. Plaintiff has performed all, or substantially all, of the significant things that the Note and Guaranty requires of it, or it has been excused from performance by Defendants' breach of the same.

46. All conditions required for Defendants' performance had occurred or were excused.

47. Defendants' misconduct herein alleged prevented Plaintiff from receiving benefits under the Note and Guaranty to which it was entitled and have violated the implied covenant of good faith and fair dealing.

48. By engaging in the misconduct herein alleged, Defendants did not act fairly and in good faith.

49. Plaintiff has suffered injury and damages as a direct and proximate result of Defendants' breach in the amount of at least $508,000.00, subject to proof at trial.

## FOURTH CAUSE OF ACTION

### Fraud (Intentional Misrepresentation) - Against All Defendants

50. Plaintiff incorporates by reference Paragraphs 1 through 49 above as though fully set forth in this cause of action.

51. As alleged above, Defendants made numerous false oral representations to Plaintiff in relation to the Settlement Agreement. More specifically, the false and fraudulent misrepresentations of material fact include representations that Irrational Raccoon was the legal and beneficial owner and holder of the Transferred Accounts Receivable, and all rights arising therefrom, which held a value of over $700,000.00; that the Transferred Accounts Receivable were payable in full and not subject to offset or deduction if and when collected by Plaintiff; that Defendants had not entered into any other agreements with respect to the Transferred Accounts Receivable; and that Defendants had not performed any acts which might prevent Plaintiff from collection of the Transferred Accounts Receivable or which would limit Plaintiff in any such collection or enforcement.

52. On information and belief, Defendants knew that these false representations were in fact false when they made them, and/or Defendants made these false representations recklessly and without regard for their truth.

53. On information and belief, Defendants intended that Plaintiff rely on their false representations to enter into the Settlement Agreement. On information and belief, Defendants wanted to defraud Plaintiff, who they knew did not have experience nor knowledge of the cannabis

industry, into believing it was receiving a benefit/asset worth at least $700,000 in exchange for mutual releases.

54. Plaintiff relied on Defendants' misrepresentations.

55. Plaintiff's reliance on Defendants' misrepresentations was reasonable.

56. Defendants are jointly and severally liable for the misrepresentations made to Viridian because they each played an essential role working in concert to further the unlawful, fraudulent scheme.

57. As a result of the foregoing, Viridian has incurred damages of at least $508,000.00 that he has paid to Defendants. Viridian continues to suffer ongoing damages, in an amount to be proven at trial.

58. Viridian's reliance on Defendants' representations was a substantial factor in causing his harm.

59. Defendants' foregoing conduct, which is alleged in greater detail herein, was done fraudulently, oppressively, and maliciously in disregard of Viridian's rights, and thus punitive and exemplary damages are justified.

### FIFTH CAUSE OF ACTION

**Fraud (Concealment) – Against All Defendants**

60. Plaintiff incorporates by reference Paragraphs 1 through 59 above as though fully set forth in this cause of action.

61. On information and belief, Defendants intentionally failed to disclose certain facts known only to them to Viridian, which they knew Viridian could not have discovered in the short period it had to negotiate the Settlement Agreement. More specifically, the false and fraudulent misrepresentations of material fact include representations that Irrational Raccoon was the legal and beneficial owner and holder of the Transferred Accounts Receivable, and all rights arising therefrom, which held a value of over $700,000.00; that the Transferred Accounts Receivable were payable in full and not subject to offset or deduction if and when collected by Plaintiff; that Defendants had not entered into any other agreements with respect to the Transferred Accounts Receivable; and that Defendants had not performed any acts which might prevent Plaintiff from

collection of the Transferred Accounts Receivable or which would limit Plaintiff in any such collection or enforcement. Defendants also actively concealed material facts that should have been disclosed to Viridian through their attorneys and in the Settlement Agreement.

62. Viridian did not know the fact that Defendants concealed from him.

63. On information and belief, Defendants intended to deceive Viridian by concealing facts.

64. Had the omitted information been disclosed, Viridian reasonably would have behaved differently.

65. Defendants are jointly and severally liable for the concealment of material facts from Viridian because they each played an essential role working in concert to further the unlawful, fraudulent scheme.

66. Defendants' concealment was a substantial factor in causing Viridian's aforementioned harm.

67. As a result of the foregoing, Viridian has incurred damages of at least $508,000.00 that he has paid to Defendants. Viridian continues to suffer ongoing damages, in an amount to be proven at trial.

68. Defendants' foregoing conduct, which is alleged in greater detail herein, was done fraudulently, oppressively, and maliciously in disregard of Viridian's rights, and thus punitive and exemplary damages are justified.

## SIXTH CAUSE OF ACTION

**(Unjust Enrichment against All Defendants)**

69. Plaintiff incorporates by reference Paragraphs 1 through 68 above as though fully set forth in this cause of action.

70. Defendants accepted the benefits of Plaintiff's funds of $508,000.00.

71. Defendants should have reasonably understood Plaintiff expected to be compensated for the same.

72. To allow Defendants to retain the benefits of Plaintiff's funds of $508,000.00 without full payment therefor would unjustly enrich Defendants.

73. Therefore, Plaintiff is entitled to recovery against Defendants under a theory of unjust enrichment in the amount of at least $508,000.00, subject to proof at trial.

### PRAYER FOR RELIEF

WHEREFORE, Viridian respectfully prays for judgment in its favor and against Defendants and Viridian be awarded:

1. Damages of at least $508,000.00, subject to proof at trial;
2. Viridian's attorneys' fees and costs of suit incurred herein;
3. Punitive and exemplary damages on the Fourth and Fifth Causes of Action;
4. Pre-judgment interest at the statutory rate until the date is entered;
5. Post-judgment interest at the statutory rate on the total judgment amount from the date judgment is entered, until paid in full; and
6. Such other and further relief as the Court deems just and proper.

Dated: January 25, 2023

**HARRIS BRICKEN SLIWOSKI LLP**

By: _____
Jihee Ahn
*Attorneys for Plaintiff*
VIRIDIAN CAPITAL PARTNERS, LLC

## JURY TRIAL DEMAND

Plaintiff Viridian Capital Partners, LLC demands a jury trial on all causes of action so triable.

Dated: January 25, 2023        **HARRIS BRICKEN SLIWOSKI LLP**

By: _____
Jihee Ahn
*Attorneys for Plaintiff*
VIRIDIAN CAPITAL PARTNERS, LLC